# EXHIBIT A

| STATE OF TENNESSEE | COURT *(Must be completed)* Circuit | COUNTY *(Must be completed)* McMinn |
|---|---|---|
| **SUMMONS** | | **file no.** 28423 *(Must be completed)* <br><br> **division** _____ *(Large counties only)* |
| **Plaintiff** *(Name: First, Middle, Last)* <br><br> Steven P. Stewart | | **Defendant** *(Name: First, Middle, Last)* <br> ThyssenKrupp Waupaca, Inc., ThyssenKrupp Waupaca Group Benefits Plan, and Sun Life Financial Assurance Company of Canada |

**TO: The Defendant Named Above**

□ *[Alternative 1: residence address]*
ThyssenKrupp Waupaca by and through Office of the Corporate Secretary, ThyssenKrupp Waupaca, Inc. 1955 Brunner Drive, Waupaca, Wisconsin 54981

□ *[Alternative 2: employer's name and address]*

_____

_____

□ *[Alternative 3: other suitable address]*

_____

_____

_____

  You are hereby commanded to answer and make defense to a Complaint which has been filed in this case. Your defense to this Complaint must be filed in the office of the clerk of this court on or before 30 days after service of this Summons upon you. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

WITNESSED and issued this _27th_ day of _August_ _____
200 4

_Rhonda Cosby, Circuit Court Clerk_
_____
Name and Title of Clerk

By _Gwen Chrison_
_____
Deputy Clerk

Received this _____ day
of_____, 20_____

/s/

_____
Deputy Sheriff

**STATE OF TENNESSEE**
**COUNTY OF** _McMinn_

I certify that the foregoing is a true and correct copy of the original Summons issued in this case.

_Rhonda Cooley, Circuit Court Clerk_
_____
Name and Title of Clerk

By _Sue Onesmi_
_____
Deputy Clerk

## OFFICER'S RETURN

I certify that I have served this Summons together with the Complaint as follows:

On _____, 20 ____, I delivered a copy of the Summons and Complaint to the Defendant.

| STATE OF TENNESSEE | COURT *(Must be completed)* | COUNTY *(Must be completed)* McMinn |
|---|---|---|
| | Circuit | |

| **SUMMONS** | file no. 28423 *(Must be completed)* |
|---|---|
| | division _____ *(Large counties only)* |

| **Plaintiff** *(Name: First, Middle, Last)* | **Defendant** *(Name: First, Middle, Last)* |
|---|---|
| Steven P. Stewart | ThyssenKrupp Waupaca, Inc., ThyssenKrupp Waupaca Group Benefits Plan, and Sun Life Financial Assurance Company of Canada |

**TO:  The Defendant Named Above**

□ *[Alternative 1: residence address]*
ThyssenKrupp Waupaca by and through Office of the Corporate Secretary, ThyssenKrupp Waupaca, Inc. 1955 Brunner Drive, Waupaca, Wisconsin 54981

□*[Alternative 2: employer's name and address]*

_____
_____
_____

□*[Alternative 3:other suitable address]*

_____
_____
_____

You are hereby commanded to answer and make defense to a Complaint which has been filed in this case. Your defense to this Complaint must be filed in the office of the clerk of this court on or before 30 days after service of this Summons upon you. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

WITNESSED and issued this ___27th___ day of ___August___
200 9

_Rhonda Cosby, Circuit Court Clerk_

Name and Title of Clerk

By ___Gwen Chrison___

Deputy Clerk

Received this _____ day
of_____, 20_____

/s/

_____

Deputy Sheriff

**STATE OF TENNESSEE**
**COUNTY OF** _McMinn_

I certify that the foregoing is a true and correct copy of the original Summons issued in this case.

_Rhonda Cooley, Circuit Court Clerk_
Name and Title of Clerk

By _Gwen Chrisman_
Deputy Clerk

## OFFICER'S RETURN

I certify that I have served this Summons together with the Complaint as follows:

On _____, 20 ____, I delivered a copy of the Summons and Complaint to the Defendant.

## IN THE CIRCUIT COURT OF
## MCMINN COUNTY, TENNESSEE

STEVEN P. STEWART,  )
  )
Plaintiff,  )  **JURY DEMAND**
  )
v.  )  NO.: _28 423_
  )
  )  **DIVISION**
  )
THYSSENKRUPP WAUPACA, INC.,  )
THYSSENKRUPP WAUPACA  )
GROUP BENEFITS PLAN, and  )
SUN LIFE FINANCIAL ASSURANCE  )
COMPANY OF CANADA,  )
  )
Defendants.  )

FILED

AUG 27 2009
11:59 PM

RHONDA J. COOLEY
CIRCUIT COURT CLERK
BY_____D.C.

## COMPLAINT

**COMES** the Plaintiff, Steven P. Stewart (hereinafter "Plaintiff"), by and through

the undersigned counsel of record, and hereby brings the following Complaint against

Defendants ThyssenKrupp Waupaca, Inc. (hereinafter "ThyssenKrupp Waupaca"),

ThyssenKrupp Waupaca Group Benefits Plan (hereinafter "ThyssenKrupp Waupaca

Benefits Plan"), and Sun Life Financial Assurance Company of Canada (hereinafter "Sun

Life"), and states as follows:

## PARTIES

1. Plaintiff is an adult resident of Bradley County, Tennessee.

2. Plaintiff's claim for short-term disability benefits due in the instant matter is a

claim for breach of contract under the laws of the State of Tennessee and the State

of Wisconsin, because the benefits due come from a salary continuation payroll

practices plan and/or policy and/or program, that is exempt from the Employee

Retirement Income Security Act (hereinafter "ERISA") under 29 C.F.R. § 2510.3-

1.

3. Plaintiff alleges upon information and belief that Defendant ThyssenKrupp Waupaca was Plaintiff's employer throughout the relevant time periods, is a corporation duly authorized to transact business in this State, and is the party that pays benefits out of its general assets under the short term disability salary continuation payroll practices plan and/or policy and/or program.

4. Plaintiff alleges upon information and belief that Defendant ThyssenKrupp Waupaca additionally maintained other employee benefits to which Plaintiff may be entitled if found entitled to short-term disability benefits.

5. Plaintiff alleges upon information and belief that Defendant ThyssenKrupp Waupaca may be served with process at the following address: Office of the Corporate Secretary, ThyssenKrupp Waupaca, Inc., 1955 Brunner Drive, Waupaca, Wisconsin 54981.

6. Plaintiff alleges upon information and belief that Defendant ThyssenKrupp Waupaca may also be served with process through its registered agent at the following address: Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203.

7. Plaintiff alleges upon information and belief that Defendant ThyssenKrupp Waupaca Benefits Plan, is, and at all relevant times was, an "Employee Welfare Benefit Plan" and/or "Short-Term Disability Program" (hereinafter collectively referred to as "Plan") that provides, inter alia, short-term disability payroll benefits that are "payroll practices" subject to state law.

8. Plaintiff alleges upon information and belief that Defendant ThyssenKrupp Waupaca is the Plan Administrator of the Plan and may be served with process at the following address: Plan Administrator, ThyssenKrupp Waupaca, Inc., 1955 Brunner Drive, Waupaca, Wisconsin 54981.

9. Plaintiff worked for Defendant at the following location: 134 Waupaca Drive, City of Etowah, County of McMinn, State of Tennessee 37331.

10. Plaintiff alleges upon information and belief that Defendant Sun Life is an insurance company authorized to transact the business of insurance in this State.

11. Defendant Sun Life may be served with process by serving the Commissioner of the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Suite 660, Nashville, Tennessee 37243-1131.

12. Plaintiff alleges upon information and belief that Defendants ThyssenKrupp Waupaca, and/or ThyssenKrupp Waupaca Benefits Plan and/or Sun Life are the parties obligated to determine eligibility for benefits under the Plan and Defendant ThyssenKrupp Waupaca is the party obligated to pay benefits out of its general assets under the Plan.

13. Plaintiff alleges upon information and belief that the Plan is self-funded by Defendant ThyssenKrupp Waupaca and benefits under this plan are paid directly out of the general assets of ThyssenKrupp Waupaca such that there is no special fund or trust from which benefits are paid.

14. The Plaintiff was employed by Defendant ThyssenKrupp Waupaca, and was thereby a participant or beneficiary of the Plan and is covered by a policy that provides benefits under the Plan, said policy having, inter alia, the following

identifying characteristics: Plan/Policy No. 93066 (hereinafter "Policy").

**JURISDICTION AND VENUE**

15. This is an action for damages for breach of contract regarding the failure to pay benefits under a non-ERISA salary continuation payroll practice short-term disability plan and/or policy and/or program and other related claims over which this court has jurisdiction.

16. Venue is proper in McMinn County, Tennessee.

**FACTS**

17. Plaintiff purchased the Policy from Defendants ThyssenKrupp Waupaca and/or ThyssenKrupp Waupaca Benefits Plan and/or Sun Life and said Policy was issued and executed in the State of Tennessee and said Plan was administered to employees of ThyssenKrupp Waupaca who resided and worked in the State of Tennessee, including Plaintiff.

18. The Policy paid non-work related illnesses or injuries that prevented Plaintiff from performing his own occupation for up to twenty-four (24) months.

19. Plaintiff's employment or "own occupation" at the time he purchased the Policy and at the time he became disabled was a "pattern vault attendant."

20. Plaintiff paid all premiums and has satisfied all the requirements for coverage under the above Policy, which is a contract for a short-term disability salary continuation payroll practice and/or plan and/or policy and/or program.

21. Plaintiff, while covered under the Plan and Policy, suffered, inter alia, severe fatigue, severe arthralgias, insomnia, chronic back pain, bipolar disorder, and polycythemia, which interfered with his ability to work, and ultimately caused

him to become disabled.

22. On or about April 14, 2008, Plaintiff's medical condition caused him to have a complete inability to perform his own occupation, at which time she suffered a significant loss of earnings.

23. Since on or about April 14, 2008, Plaintiff has had a complete inability to perform his own occupation or any occupation such that she has been unable to earn any income.

24. On or about June 2, 2008, Plaintiff applied for benefits under the Plan and Policy by submitting the requisite forms such as, e.g., an insured's statement and work and education history form, and subsequently submitted, inter alia, attending physician statements from his treating physicians.

25. On or about November 10, 2008, Defendants ThyssenKrupp Waupaca and/or ThyssenKrupp Waupaca Benefits Plan and/or Sun Life sent Plaintiff a letter explaining that it was unable to approve his claim for benefits beyond May 19, 2008, which meant that the balance of his claim for twenty-three (23) months of short-term disability benefits had been denied.

26. Subsequent to December 18, 2008, Plaintiff retained counsel and through said counsel has submitted, inter alia, medical records, attending physician statements, medical opinion forms, and sworn statements from Plaintiff's treating physicians which describe and explain the significant nature, extent and duration of his impairments.

27. On or about April 27, 2009, Plaintiff, through counsel, appealed the denial of his claim.

28. On June 23, 2009, Defendants have determined that the original decision denying his short-term disability claim will be upheld.

29. Plaintiff has not received benefits under the Plan and/or Policy other than from April 14, 2008, to May 19, 2008.

## COUNT ONE

## TENNESSEE BREACH OF CONTRACT

Plaintiff incorporates the allegations contained in paragraphs 1 through 29 as if fully stated herein and further states that:

30. Under the laws of the State of Tennessee, Plaintiff was covered under the Plan and Policy and said Policy constitutes a contract for a non-ERISA short-term disability salary continuation payroll practice and/or plan and/or policy and/or program.

31. Under the laws of the State of Tennessee, Plaintiff made a valid and timely claim for benefits under the terms of the Plan and Policy and Defendants have refused to pay.

32. Under the laws of the State of Tennessee, Plaintiff has paid all premiums and has met all other conditions precedent to have a valid contract for a non-ERISA short-term disability salary continuation payroll practice and/or plan and/or policy and/or program and has satisfied the terms of the contract entitling him to benefits under the contract.

33. Under the laws of the State of Tennessee, Defendants have breached, and continue to breach, their contractual duties under the Plan and Policy by failing and refusing to pay benefits owed the Plaintiff and by failing to perform their

duties as set out in the contract.

34. Under the laws of the State of Tennessee, as a direct and proximate result of Defendants' breach, Plaintiff has suffered, and continues to suffer, substantial damages as previously set forth above.

35. Plaintiff has suffered and continues to suffer from a disability as defined in the Plan and Policy.

36. Plaintiff has complied with all conditions precedent to qualify for benefits prior to filing suit.

37. ThyssenKrupp Waupaca, as Plaintiff's employer and as the plan administrator of the Plan, under the terms of its contract, is indebted to Plaintiff for the disability benefits due under the terms of the policy.

38. ThyssenKrupp Waupaca, as Plaintiff's employer and as the plan administrator of the Plan, has failed and refused to honor its obligations under the salary continuation plan that would have provided benefits to the Plaintiff.

## COUNT TWO

## WISCONSIN BREACH OF CONTRACT

Plaintiff incorporates the allegations contained in paragraphs 1 through 38 as if fully stated herein and further states that:

39. Under the laws of the State of Wisconsin, Plaintiff was covered under the Plan and Policy and said Policy constitutes a contract for a non-ERISA short-term disability salary continuation payroll practice and/or plan and/or policy and/or program.

40. Under the laws of the State of Wisconsin, Plaintiff made a valid and timely claim

for benefits under the terms of the Plan and Policy and Defendants have refused to pay.

41. Under the laws of the State of Wisconsin, Plaintiff has paid all premiums and has met all other conditions precedent to have a valid contract for a non-ERISA short-term disability salary continuation payroll practice and/or plan and/or policy and/or program and has satisfied the terms of the contract entitling him to benefits under the contract.

42. Under the laws of the State of Wisconsin, Defendants have breached, and continue to breach, their contractual duties under the Plan and Policy by failing and refusing to pay benefits owed the Plaintiff and by failing to perform their duties as set out in the contract.

43. Under the laws of the State of Wisconsin, as a direct and proximate result of Defendants' breach, Plaintiff has suffered, and continues to suffer, substantial damages as previously set forth above.

44. Plaintiff has suffered and continues to suffer from a disability as defined in the Plan and Policy.

45. Plaintiff has complied with all conditions precedent to qualify for benefits prior to filing suit.

46. ThyssenKrupp Waupaca, as Plaintiff's employer and as the plan administrator of the Plan, under the terms of its contract, is indebted to Plaintiff for the disability benefits due under the terms of the policy.

47. ThyssenKrupp Waupaca, as Plaintiff's employer and as the plan administrator of the Plan, has failed and refused to honor its obligations under the salary continuation plan that would have provided benefits to the Plaintiff.

## COUNT THREE

## TENNESSEE BAD FAITH FAILURE TO PAY CLAIM

Plaintiff incorporates the allegations contained in paragraphs 1 through 47 as if fully stated herein and further states that:

48. At all times relevant to the matters alleged herein, Defendants were under a duty to use good faith in the handling of Plaintiff's claim.

49. Plaintiff's claim for benefits is due and payable and Plaintiff's application was filed on or about June 2, 2008, which constitutes a formal demand for payment, and Defendants have either failed or refused to pay further benefits.

50. Defendants impeded a legitimate and well-supported claim for benefits, which clearly shows intent not to honor the terms of the Plan and Policy.

51. Defendants acted in bad faith in denying benefits to Plaintiff or in failing to timely make a decision on Plaintiff's claim.

52. As a direct and proximate result of Defendants' actions in handling this claim, either jointly or separately, Plaintiff has suffered, and continues to suffer, monetary loss and damages, including the need to hire an attorney to enforce the terms of a contract for a non-ERISA short-term disability salary continuation payroll practice and/or plan and/or policy and/or program.

53. Because Defendants did not act in good faith in denying Plaintiff's claim for benefits, Defendants are liable under Tennessee Code Annotated § 56-7-105(a)

for additional damages in an amount up to 25% of liability.

## COUNT FOUR

## WISCONSIN BAD FAITH FAILURE TO PAY CLAIM

Plaintiff incorporates the allegations contained in paragraphs 1 through 53 as if fully stated herein and further states that:

54. At all times relevant to the matters alleged herein, Defendants were under a duty to use good faith in the handling of Plaintiff's claim.

55. Plaintiff's claim for benefits is due and payable and Plaintiff's application was filed on or about June 2, 2008, which constitutes a formal demand for payment, and Defendants have either failed or refused to pay further benefits.

56. Defendants impeded a legitimate and well-supported claim for benefits, which clearly shows intent not to honor the terms of the Plan and Policy.

57. Defendants acted in bad faith in denying benefits to Plaintiff or in failing to timely make a decision on Plaintiff's claim.

58. As a direct and proximate result of Defendants' actions in handling this claim, either jointly or separately, Plaintiff has suffered, and continues to suffer, monetary loss and damages, including the need to hire an attorney to enforce the terms of a contract for a non-ERISA short-term disability salary continuation payroll practice and/or plan and/or policy and/or program.

59. Because Defendants did not act in good faith in denying Plaintiff's claim for benefits, Defendants are liable under the appropriate and applicable laws of the State of Wisconsin, including, inter alia, State Farm Fire & Cas. Ins. Co. v. Walker, 459 N.W.2d 605, 608 (Wis. Ct. App. 1990), which established that a

fiduciary and/or insurer has a duty to exercise good faith in processing a claim, that in cases where there is a delay in processing, bad faith exists where the insurer's obligation to pay a claim is not fairly debatable, and that punitive damages may be imposed if there is a showing of an evil intent deserving of punishment, or special ill-will, or wanton disregard of duty, or gross or outrageous conduct, where such award of additional damages will be in an amount to be determined by an appropriate adjudicating body.

## COUNT FIVE

## VIOLATION OF THE TENNESSEE CONSUMER PROTECTION ACT

## TENNESSEE CODE ANNOTATED § 47-18-101 AND § 47-18-109.

Plaintiff incorporates the allegations contained in paragraphs 1 through 59 as if fully stated herein and says further that:

60. Tennessee Code Annotated § 47-18-109 provides a private right of action to any person who suffers an ascertainable loss of money or property as a result of the use or employment by another person of an unfair or deceptive act or practice declared unlawful by the Consumer Protection Act.

61. The acts which are prohibited under the Consumer Protection Act are listed in Tennessee Code Annotated § 47-18-104. In addition to specifically prohibited acts, Tennessee Code Annotated § 47-18-104(b)(27) is a catch-all provision prohibiting all practices which are deceptive or unfair to customers.

62. By ignoring the terms of the short-term disability contract, by failing to adequately communicate with the Plaintiff, and by giving the Plaintiff inadequate or misleading information about his claim, the Defendants have acted unfairly and

deceptively.

63. As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered and continues to suffer monetary loss and damages.

64. Through its handling of Plaintiff's claim, the Defendants have willfully and knowingly violated the Tennessee Consumer Protection Act, Tennessee Code Annotated § 47-18-101 et seq., entitling Plaintiff to treble damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court grant him the following relief in this case:

That the Court enter judgment in favor of Plaintiff and against Defendants and that the Court order Defendants to perform their obligations under the contract and to pay past due benefits to Plaintiff in an amount equal to the contractual amount of benefits to which he is entitled;

That the Court order Defendants to pay Plaintiff prejudgment interest on all benefits that have accrued prior to the date of judgment;

That the Court order Defendants to continue paying benefits to Plaintiff until such time as he no longer qualifies for continuation of benefits;

That the Court order Defendants to pay an additional 25% of the contractual liability for bad faith handling of the claim, pursuant to Tennessee Code Annotated § 56-7-105(a) and applicable and appropriate laws of the State of Wisconsin, including, inter alia, State Farm Fire & Cas. Ins. Co. v. Walker, 459 N.W.2d 605, 608 (Wisc. App. 1990), which prohibit bad faith handling of a claim arising out of a contract;

That the Court order Defendants to pay treble damages pursuant to Tennessee

Consumer Protection Act, Tennessee Code Annotated § 47-18-101 et seq., which prohibit practices which are deceptive or unfair to customers;

That the Court order Defendants to pay Plaintiff's attorneys fees and costs under applicable Tennessee law and Wisconsin law, and,

That Plaintiff recover any and all other relief to which he may be entitled.

Plaintiff further demands a jury to hear his case.

Dated this 25 day of August 2009.

Respectfully submitted,

ERIC BUCHANAN & ASSOCIATES, PLLC
ATTORNEYS FOR PLAINTIFF

BY:

Eric L. Buchanan (#018568)
R. Scott Wilson (#019661)
D. Seth Holliday (#023136)
414 McCallie Avenue
Chattanooga, Tennessee 37402
(423) 634-2506
(423) 634-2505 (fax)